The NEW GRANT–PATTEN MILK
COMPANY, Inc.

v.

HAPPY VALLEY FARMS, INC. and Seal-
test Foods Division, National Dairy
Products Corporation.

Civ. A. No. 3912.

United States District Court
E. D. Tennessee, S. D.

Sept. 28, 1963.

VanDerveer, Brown & Siener, Chat-
tanooga, Tenn., for plaintiff.

Witt, Gaither, Abernathy, Caldwell &
Wilson, Chattanooga, Tenn., for Happy
Valley Farms.

Miller, Martin, Hitching, Tipton &
Lenihan, Chattanooga, Tenn., for Seal-
test.

FRANK W. WILSON, District Judge.

This case is before the Court upon
the motion of the defendant, Sealtest,
for a partial summary judgment, the
said motion filed July 12, 1963. The
motion for partial summary judgment
is directed toward the allegations in the
plaintiff's complaint charging the defend-
ant, Sealtest, with unlawful acquisitions
in violation of Section 7 of the Clayton
Act, 15 U.S.C.A. § 18. More specifically,
the motion is directed toward the allega-
tions in paragraphs 6 and 9(f) of the
amended complaint insofar as the plain-
tiff there seeks to assert a cause of ac-
tion against Sealtest for violation of
Section 7 of the Clayton Act by reason
of unlawful acquisitions. By affidavit,
interrogatories, and admissions the fol-
lowing facts appear undisputed in the
record: (a) that the plaintiff's sales
are limited to an area within a radius of
50 miles of Chattanooga, Tennessee, and
that this constitutes the relevant market
area in this suit; (b) that Sealtest has
made no acquisitions, corporate or other-
wise, within the relevant market area as
defined above since 1926; (c) that the
acquisitions made by Sealtest and relied
upon by the plaintiff as the basis for a
Section 7 violation are at various loca-
tions throughout the United States, but
all such acquisitions are located wholly
outside of the market area relevant to
this lawsuit and none has ever done busi-
ness within the relevant market area or
been in competition with the plaintiff.
Upon this state of the record, the de-
fendant, Sealtest, contends that no gen-
uine issue exists as to any Section 7 vio-
lation by it. The plaintiff, upon the
other hand, contends that even though
the dairy companies acquired by the de-
fendant were not in competition with

the plaintiff and were located outside of the plaintiff's relevant market area, such acquisitions contributed to the size, wealth, influence, and resources of Sealtest, thereby enhancing its competitive advantages, tending to lessen competition and creating a monopoly, under the "deep pocket," "rich parent," "war chest," and "reciprocity" theories and doctrines as developed in the cases.

 In order to maintain a private suit for damages, the plaintiff must establish not only that the defendant violated a provision of the anti-trust laws, but also that it sustained damages as a direct and proximate result of that violation. Sperry Products, Inc. v. Aluminum Company of America, D.C., 171 F. Supp. 901. It is not enough to allege something forbidden and claim damages resulting therefrom, but rather the plaintiff must show that it sustained damages as a proximate result of such violation. As stated in Toulmin's Anti-Trust Laws, Volume 2, page 93,

> "An individual plaintiff is not entitled to sue by reason of violations resulting in injury to other persons or to the public. Correction of the latter evil is the function of the government alone * * *. The complaint must affirmatively show the injury; it is not enough to allege something forbidden and claim damages resulting therefrom."

See also Toulmin's Anti-Trust Laws, Vol. 6, p. 413; Duff v. Kansas City Star Company, 299 F.2d 320 (CCA 8, 1962); and "Legal Injury Requirements and Proof of Damages in Treble Damage Actions Under the Anti-Trust Laws," 30 George Washington Law Review 231 (1962). There is a total absence of either allegations or evidence as to how the acquisition of non-competing properties or companies located outside the relevant market area could be a direct and proximate cause of injury to the plaintiff. That such acquisition increased the size, resources, and ability of Sealtest to compete in the relevant market area could at most be only a remote and indirect cause of the plaintiff's damages and injuries, if not a speculative and conjectural cause. The Court is of the opinion that a private action for treble damages will not lie under Section 7 of the Clayton Act based upon the defendant's acquisition of non-competing corporate properties located and conducting business wholly outside the plaintiff's relevant market area. The motion of Sealtest for a partial summary judgment upon the issue of any violation by it of Section 7 of the Clayton Act should therefore be sustained under the undisputed facts of this case.

An order will enter accordingly.